DAVID I. DALBY (SBN 114750)
JOHN T. MENO (SBN 231236)
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:     415-834-9070
ddalby@hinshawlaw.com

Attorneys for Defendant
GC SERVICES LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSIKA ALEXUS,<br><br>        Plaintiff,<br><br>        vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>        Defendant. | Case No. 3:14-cv-05597-MEJ<br><br>**DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  October 20, 2014 |

Defendant GC SERVICES, L.P. ("Defendant") answers the complaint of plaintiff JESSIKA ALEXUS ("Plaintiff") as follows.

1.    In response to the allegations of paragraph 1, Defendant responds that paragraph 1 recites that this action allegedly arises out of violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code section 1788, *et seq.* ("RFDCPA"), the Fair Debt Collection Practices Act, 15 U.S.C., section 6092 *et seq.* ("FDCPA") and alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. section 227, *et seq.* ("TCPA").  Except as expressly responded to above, Defendant denies the allegations of paragraph 1 and specifically denies that it violated the RFDCPA, FDCPA and/or the TCPA.

2.    In response to the allegations of paragraph 2, Defendant responds that this paragraph

1  alleges legal conclusions.  Defendant lacks sufficient information to respond to the allegations of
2  paragraph 2 and on that basis denies the allegations.

3     3.    In response to the allegations of paragraph 3, Defendant admits that on occasions it
4  provides debt collection services.  Except as admitted herein, Defendant responds to paragraph 3 that
5  it alleges a series of legal conclusions and Defendant denies the allegations of paragraph 3.

6     4.    In response to the allegations of paragraph 4, Defendant lacks sufficient information
7  to respond to the allegations of paragraph 4 and on that basis denies the allegations of paragraph 4.

8     5.    In response to the allegations of paragraph 5, Defendant denies the allegations of
9  paragraph 5.

10     6.    In response to the allegations of paragraph 6, Defendant denies the allegations of
11  paragraph 6.

12     7.    In response to the allegations of paragraph 7, Defendant denies the allegations of
13  paragraph 7.

14     8.    In response to the allegations of paragraph 8, Defendant responds that paragraph 8 is
15  incomplete and incomprehensible.  Except as responded to above, Defendant denies the allegations
16  of paragraph 8.

17     9.    In response to the allegations of paragraph 9, Defendant denies the allegations of
18  paragraph 9.

19     10.    In response to the allegations of paragraph 10, Defendant denies that it made
20  telephone calls to Plaintiff.

21     11.    In response to the allegations of paragraph 11, Defendant denies the allegations of
22  paragraph 11.

23     12.    In response to the allegations of paragraph 12, Defendant denies the allegations of
24  paragraph 12.

25     13.    In response to the allegations of paragraph 13, Defendant lacks sufficient information
26  to respond to the allegations of paragraph 13 and on that basis denies the allegations of paragraph 13.

27     14.    In response to the allegations of paragraph 14, Defendant denies the allegations of
28  paragraph 14, including subparagraphs (a) through (g).

15. In response to the allegations of paragraph 15, Defendant denies the allegations of paragraph 15.

16. In response to the allegations of paragraph 16, Defendant denies the allegations that it violated the FDCPA, RFDCPA and TCPA and Defendant denies that Plaintiff has suffered injury or damages and Defendant denies that it is liable for Plaintiff for actual damages, statutory damages, costs or attorney's fees.

17. In response to the allegations of paragraph 17, Defendant incorporates by reference all of its responses to the previous paragraphs, 1-16.

18. In response to the allegations of paragraph 18, Defendant denies that it violated the RFDCPA and Defendant denies that Plaintiff is entitled to any relief concerning the cause of action for an alleged violation of the RFDCPA.

19. In response to the allegations of paragraph 19, Defendant incorporates by this reference all of its previous responses to paragraphs 1-18 above and Defendant denies that Plaintiff is entitled to any relief concerning the cause of action for an alleged violation of the FDCPA.

20. In response to the allegations of paragraph 20, Defendant incorporates by this reference all of its previous responses to the foregoing paragraphs, 1-19.

21. In response to the allegations of paragraph 21, Defendant denies that it violated the TCPA.

22. In response to the allegations of paragraph 22, Defendant denies that it is liable to Plaintiff for alleged violations of the TCPA and Defendant denies that Plaintiff is entitled to an award of any damages.

23. In response to the allegations of paragraph 23, Defendant denies that it committed any violation of the TCPA.

24. In response to the allegations of paragraph 24, Defendant denies the allegations of paragraph 24.

25. In response to the allegations of paragraph 25, Defendant denies the allegations of paragraph 25.

26. In response to the prayer for relief for Plaintiff's TCPA cause of action, Defendant

denies that Plaintiff is entitled to any relief concerning an alleged TCPA violation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

With respect to each cause of action alleged in the complaint, Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statutory Compliance)

Defendant alleges that at all time relevant herein, Defendant did not violate the FDCPA, RFDCPA or the TCPA.  Any alleged violation(s) of the FDCPA. RFDCPA or TCPA, which Defendant denies occurred, were not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedure reasonably adopted to avoid such an error.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of Risk)

Plaintiff knowingly and voluntarily assumed the risk of the conduct, events, and matters alleged in the complaint.  Accordingly, Plaintiff is not entitled to any relief as to the risks Plaintiff assumed.

### FOURTH AFFIRMATIVE DEFENSE
(Damages Not Caused by Defendant)

Plaintiff's liability, injury, loss and/or detriment, if any, were caused, in whole or in part by persons or entities other than Defendant and any liability, injuries, loss and/or detriment allegedly incurred by Plaintiff was not the result of or was not caused by any acts, omission, or other conduct of the defendant.

### FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

The actions alleged in the complaint, if and to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion of Defendant's legal rights and were based on a rational, reasonable consideration of the facts.

**SIXTH AFFIRMATIVE DEFENSE**
(Good Cause)

The complaint and each and every cause of action set forth therein are barred because Defendant has legal and good cause for its actions, if any.

**SEVENTH AFFIRMATIVE DEFENSE**
(Waiver)

Plaintiff's complaint and each and every cause of action purported to be alleged therein are barred in whole or in part by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**
(Estoppel)

Plaintiff's complaint and each and every cause of action purported to be alleged therein are barred in whole or in part by the doctrines of judicial, equitable and/or collateral estoppel.

**NINTH AFFIRMATIVE DEFENSE**
(Laches)

Plaintiff's complaint and each and every cause of action purported to be alleged therein are barred in whole or in part by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**
(Comparative Fault of Plaintiff)

Plaintiff failed to exercise reasonable care concerning the conduct, events and matters alleged in the complaint.  Plaintiff's negligence proximately caused or contributed to Plaintiff's liability, detriment, and/or loss.  Accordingly, any relief as to which Plaintiff might be entitled should be reduced by the amount of fault attributable to the Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Comparative Fault of Plaintiffs' Agents)

Plaintiff's agents failed to exercise reasonable care concerning the conduct, events and matters alleged in the complaint.  Plaintiff's agent's negligence proximately caused or contributed to consequences incurred by the Plaintiff.  Accordingly, any relief as to which Plaintiff might be entitled should be reduced by the amount of fault attributable to Plaintiff's agents.


### TWELFTH AFFIRMATIVE DEFENSE
(Consent and Ratification)

Plaintiff was fully advised concerning the conduct, events and matters alleged in the complaint. Plaintiff consented to and ratified the actions of defendant concerning the conduct, events and matters. Plaintiff consented to being telephoned, receiving facsimiles, being contacted and/or receiving communications at the numbers provided and/or otherwise waived the right to claim lack of consent. This affirmative defense is asserted in the alternative to the argument that lack of consent is an element of a Plaintiff's TCPA claim. As a result, Plaintiff is barred from obtaining any relief in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff had a duty to take reasonable steps to mitigate their damages, if any. Plaintiff failed to take any such steps, delayed in doing so, or took steps that compounded the consequences of the matters alleged in the complaint. By failing to mitigate, Plaintiff is barred, in whole or in part, from recovering any relief.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Res Judicata)

The causes of action and claims for relief alleged in the complaint are barred by the doctrine of res judicata.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The complaint is barred by the applicable statute of limitations, including, any and all federal, state, statutory, constitutional, common law, and/or contractual limitations periods, and in particular, without restriction, California Code of Civil Procedure §§ 335.1, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff comes to court with unclean hands. As a result, Plaintiff is not entitled to any relief in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Arbitration)

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

Defendant hereby requests a jury trial.

Dated:  December 29, 2014                HINSHAW & CULBERTSON LLP


By:  /s/ *David I. Dalby*
DAVID I. DALBY
Attorneys for Defendant
GC SERVICES LIMITED PARTNERSHIP

3421303v1   966365

# **CERTIFICATE OF SERVICE**

*Alexus v. GC Services Limited Partnership, Case No. 3:14-cv-05597*
*USDC Northern District of California*

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, Northern District of California, by using the court's CM/ECF system on December 30, 2014.

Participants in the case who are registered CM/ECF users will be served by the court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing documents by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Todd M. Friedman, Esq.
Suren N. Weerasuriya, Esq.
Adrian R. Bacon, Esq.
Law Office of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866) 655-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com

_____/s/ *Nancy Fox*_____
Nancy Fox